**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE DOLORES RODRIGUEZ RENDON; et al., | No. 09-70150 |
| Petitioners, | Agency Nos. A097-349-790 |
| | A097-349-791 |
| v. | A097-349-792 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]
San Francisco, California

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Jose Dolores Rodriguez Rendon and his wife and their minor son, natives

and citizens of Mexico, petition pro se for review of the decision of the Board of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Immigration Appeals denying their motion to reconsider the BIA's refusal to reopen the underlying denial of their application for cancellation of removal based on their failure to establish the requisite hardship to their qualifying relatives.

Petitioners contend that the BIA violated their due process rights by not allowing them to present evidence and witnesses to establish the extreme hardship required to qualify for cancellation relief. The BIA concluded that the minor petitioner had failed to establish a qualifying relative. The BIA also concluded that petitioner's letter, describing their United States citizen son's liver disorder, failed to establish extreme hardship.

The BIA did not violate petitioners' due process rights by refusing to reconsider or reopen their application for cancellation of relief. The BIA did not abuse its discretion when it denied petitioners' motion to reconsider because the motion failed to identify any error of law or fact that justified relief. *See* 8 C.F.R. § 1003.2(b)(1) (2009). We lack jurisdiction to review the agency's underlying discretionary determination that petitioners failed to establish exceptional and extremely unusual hardship to a qualifying relative. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). Also, the BIA did not abuse its discretion in denying petitioners' underlying motion to reopen because they failed to present material new evidence of hardship. *See* 8 C.F.R. § 1003.2(c)(1) (2009).

It follows that petitioners did not establish a due process violation. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to succeed on a due process claim).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**